| | |
|---|---|
| TRAVELL WILLIAMS, CDCR #AD5315,<br><br>                              Plaintiff,<br><br>vs.<br><br>DONALD TRUMP; ANGELINA JOLIE; HULK HOGAN,<br><br>                              Defendant. | Case No.: 3:18-cv-02066-MMA-JLB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Travell Williams ("Plaintiff"), currently housed at Kern Valley State Prison and proceeding *pro se*, has filed a civil rights action. *See* Doc. No. 1 ("Compl."). Plaintiff has not prepaid the $400 filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

In order to comply with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a),

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

he has not attached a certified copy of his prison trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Plaintiff's trust account statements, Plaintiff's IFP Motion is incomplete and must be **DENIED** because the Court is unable to assess the appropriate amount of the initial filing fee statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

### SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

In addition, while the Court would ordinarily grant Plaintiff leave to correct his IFP Motion's deficiencies, it instead finds it appropriate to screen his Complaint pursuant to 28 U.S.C. § 1915A because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "'On review, the court shall … dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

A pleading is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

Plaintiff invokes no arguable legal basis for his suit. What is more, his factual allegations are plainly frivolous. *See id.; see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) ("An *in forma pauperis* complaint is frivolous if it has 'no arguable basis in fact or law.'" (citation and internal quotation marks omitted)). Plaintiff names Defendants Donald Trump, Angelina Jolie, and Hulk Hogan and claims these Defendants have told Plaintiff to commit suicide "for years." Compl. at 3-4.

While conclusory, disjointed, and incoherent, these allegations also appear grounded in delusion, are facially irrational, and wholly incredible. Therefore, Plaintiff's Complaint demands *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1). *See Denton*, 504 U.S. at 25-26; *Neitzke*, 490 U.S. at 324; *see also Suess v. Obama,* No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period.)

If a Plaintiff's claims are classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203

4

3:18-cv-02066-MMA-JLB

F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

## CONCLUSION AND ORDER

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2];

2) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: September 10, 2018

Hon. Michael M. Anello
United States District Judge